IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.

THOMAS TAYLOR,

     Plaintiff,

v.

TAYLOR & TAYLOR USA, LLC and
RICHARD TAYLOR *individually*,

     Defendants.

_____/

5:11-CV-46-OC-10DAB

## NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4.    Plaintiff, THOMAS TAYLOR ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Citrus, and City of Floral City.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    Defendant, TAYLOR & TAYLOR USA, LLC ("Defendant") or ("T&T") is a limited liability company who at all relevant times was engaged, by use of the mails and

telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7.      At all relevant times herein, Defendant, RICHARD TAYLOR ("RT") was owner of Defendant T&T.  As an officer, shareholder and/or director of Defendant T&T, Defendant RT was responsible for the overall success of the company. Defendant RT is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6): he materially participated in collecting debt by occupying a position of critical importance to Defendant T&T's business; as the owner of Defendant T&T, he exercised control over the affairs of a debt collection business; and he was regularly engaged, albeit more often indirectly than directly, in the collection of debts through his involvement in Defendant T&T's affairs and Defendant RT continued to play a key role in maintaining and expanding Defendant T&T's debt collection activities throughout the time in question.

8.      Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA..

## FACTUAL ALLEGATIONS

9.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

10.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

11.    Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12.    Defendants sent their initial collection letter to Plaintiff on or about October 30, 2010. (See copy of letter, attached hereto as Exhibit "A").

13.    In said letter, Defendants failed to notify Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose.

14.    Defendants also failed to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof, as said information was not included in the aforementioned written correspondence, nor did Defendants advise Plaintiff of these rights verbally.

15.    In the initial letter, Defendants further misrepresented that Plaintiff committed a "felony charge" in connection with his failure to pay the alleged debt, and that "a complaint of grand theft" was going to be prepared and filed "with the appropriate authorities"

16.    Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

17.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

18.     Defendants violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated  15 U.S.C. § 1692e(11);

b) Awarding  Plaintiff  statutory  damages,  pursuant  to  15  U.S.C.  §1692k,  in  the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding  Plaintiff  any  pre-judgment  and  post-judgment  interest  as  may  be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

19.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

20.     Defendants violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated  15 U.S.C. § 1692g(a);

b) Awarding  Plaintiff  statutory  damages,  pursuant  to  15  U.S.C.  §1692k,  in  the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

21.  Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

22.  Defendants violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening to have Plaintiff arrested to failure to pay the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendants violated 15 U.S.C. § 1692e(5);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

23.  Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

24.     Defendants violated 15 U.S.C. § 1692e(7) by falsely representing or implying that Plaintiff had committed a crime or other conduct, in order to disgrace Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendants violated  15 U.S.C. § 1692e(7);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

25.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

26.     Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including misrepresenting that "a complaint of grand theft" was going to be prepared and filed "with the appropriate authorities".

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendants violated  15 U.S.C. § 1692e(10);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI

27.   Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-16 of this complaint.

28.   Defendant violated §559.72(9) of the Florida Consumer Collection Practices Act by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserting the existence of some other legal right when such person knows that the right does not exist.

29.   As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, THOMAS TAYLOR, by and through his attorneys, respectfully prays for judgment as follows:

a.   All actual compensatory damages suffered;

b.   Emotional and/or mental anguish damages;

c.   Statutory damages of $1,000.00;

d.   Plaintiff's attorneys' fees and costs;

e.   Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

30.   Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 26th day of January, 2011.

Respectfully submitted,
**THOMAS TAYLOR**

By:_____
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com

**EXHIBIT A**

# TAYLOR & TAYLOR USA LLC

3208 East Colonial Drive                    10/30/2010
Suite 183
Orlando, FL  32803
Phone (407) 953-3927
Fax    (866) 858-1525
Taylorandtaylor88@yahoo.com


Mr. Thomas Taylor

Re: USA Tools
        V
        Thomas Taylor (judgment)

Balance due: $2853.07

Mr. Taylor,

Please be advised that a complaint of grand theft is being prepared and will be filed with the appropriate authorities unless this matter is cleared on an immediate basis. This is a felony charge and can carry serious consequences.

Additionally, a lien is being placed against your 2000 Chevrolet pickup truck VIN # 1GCEC14T4YE109194 and your 2010 2 door Chevrolet VIN # 2G1FT1EW5A9157639. This will allow the sheriff to seize and sell these assets in order to satisfy this obligation.

I have enclosed a copy of a docket from a case identical to yours. You can verify this by visiting the Pinellas County web site. I suggest you heed the warning.

If you have any questions, you may reach me at 407-953-3927

Richard Taylor
Taylor & Taylor USA llc


Cc: Clerk of the circuit court